Clerk's Office
Filed Date:

5/20/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
TIMOTHY B. HUNTE,

                Petitioner,                **MEMORANDUM & ORDER**
                                                19-MC-203 (MKB)

                v.

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

Petitioner Timothy B. Hunte, proceeding *pro se*, commenced the above-captioned petition to expunge the record in *United States v. Hunte*, No. 95-CR-678 (E.D.N.Y. Oct. 17, 1995), because he is "truly sorry for [his] actions twenty plus years ago" and "want[s] to do more and be more as [he] continue[s] [his] life." (Pet'r Mot. to Expunge ("Pet'r Mot."), Docket Entry No. 1; Letter dated Sept. 15, 2019, at 2 ("Sept. 2019 Letter"), Docket Entry No. 7.)

For the reasons set forth below, the Court denies Petitioner's motion.

**I.    Background**

On August 3, 1995, Petitioner pled guilty to credit card fraud in violation of 18 U.S.C. § 1029(a)(1). (Gov't Resp. in Opp'n to Pet'r Mot. to Expunge 1 ("Gov't Opp'n"), Docket Entry No. 4.) On October 17, 1995, Judge David G. Trager sentenced Petitioner to four months of home detention and five years of probation, and ordered him to pay restitution in the amount of $13,635.40. (Judgment of Conviction, *United States v. Hunte*, No. 95-CR-678 (E.D.N.Y. Oct. 17, 1995), Docket Entry No. 15.) On January 24, 2019, Petitioner filed this petition to seal and

expunge his record.[1]  (Pet'r Mot.)  The government opposes his petition, arguing that the Court lacks jurisdiction to grant him relief.  (Gov't Opp'n 1–2.)  In a subsequent letter dated September 15, 2019, Petitioner takes responsibility for the conduct leading to his conviction, asserts his desire to "build[] [his] name [to] high standards," and expresses his plans to continue a life of service, "value[,] and purpose[-]drive[n] activity."  (Sept. 2019 Letter 1–2.)

## II. Discussion

### a. Standard of review

Federal district courts lack subject matter jurisdiction to expunge lawful convictions, except in limited circumstances provided for by statute,[2] and cannot exercise ancillary jurisdiction to do so.  *Doe v. United States*, 833 F.3d 192, 196–97 (2d Cir. 2016) (explaining that the court was "not persuaded that the [d]istrict [c]ourt had subject matter jurisdiction to decide" the motion to expunge because none of the Federal Rules of Criminal Procedure "remotely suggest[] . . . that district courts retain jurisdiction over any type of motion years after a criminal case has concluded," and that none of the recognized bases for ancillary jurisdiction applied).  While district courts have ancillary jurisdiction to expunge "*arrest* records after an order of

---

[1]  Courts apply the same standard in analyzing motions to seal and motions to expunge criminal records.  *See Doe v. United States*, 833 F.3d 192, 196 n.1, 197 n.2 (2d Cir. 2016) (using the words "expunge," "seal" and "delete" interchangeably with respect to arrest or conviction records).

[2]  Pursuant to 18 U.S.C. § 3607(c), certain first-time drug offenders who were less than twenty-one years old at the time of the offense may be placed on probation, and, at the end of that term of probation, "the court shall enter an expungement order."  18 U.S.C. § 3607(c); *see also Doe v. United States*, 833 F.3d at 199 (describing this statute and 18 U.S.C. § 5021(b), a statute repealed in 1984 that provided for a youthful offender's conviction to be set aside upon discharge from probation).  Other federal provisions provide for the expungement of deoxyribonucleic acid ("DNA") records if a conviction is overturned, *see* 10 U.S.C. § 1565(e) (records held by the Department of Defense); 42 U.S.C. § 14132(d) (FBI DNA records), and for the expungement of an involuntary bankruptcy under certain circumstances, 11 U.S.C. § 303(k)(3) (records pertaining to involuntary bankruptcy).

dismissal," *id.* at 197 (citing *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977)), they have no jurisdiction to expunge records of conviction because "expunging a record of conviction on equitable grounds is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees,'" *id.* at 198 (alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).

### b. Petitioner's motion to expunge

Petitioner does not challenge the validity of his credit card fraud conviction. Nor does Petitioner point to any statutory exception that would confer jurisdiction upon the Court to consider his motion. Accordingly, the Court lacks jurisdiction to consider Petitioner's motion. *See Doe*, 833 F.3d at 196–97 (explaining that there was no basis to exercise supplemental jurisdiction "years after a criminal case ha[d] concluded" and no basis for ancillary jurisdiction over motions to seal or expunge the record of a valid conviction); *Patterson v. United States*, No. 19-MC-2986, 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020) (denying motion to expunge or seal criminal record because "the [d]istrict [c]ourt ha[s] no authority to expunge the records of a valid conviction" (quoting *Doe*, 833 F.3d at 199)); *Mount v. United States*, No. 19-MC-3043, 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021) (noting that under Second Circuit law, district courts "do not have jurisdiction to expunge valid criminal convictions" (citing *Doe*, 833 F.3d at 197)); *United States v. Rodriguez*, No. 01-CR-497, 2020 WL 881991, at *2 (S.D.N.Y. Feb. 24, 2020) ("The [c]ourt does not have jurisdiction to expunge criminal records based solely upon equitable grounds such as those cited by [the] [p]etitioner, namely his belief that the criminal conviction(s) in this case may be preventing his advancement in the workplace."); *Melvin v. United States*, No. 18-MC-3359, 2019 WL 5394646, at *2 (E.D.N.Y. Oct. 21, 2019) (dismissing petition for expungement because the "petitioner [did] not challenge the validity of her

3

conviction, and the underlying criminal case concluded almost a decade ago . . . [and] [p]etitioner has not supplied other facts that could distinguish her case from *Doe* or qualify for the limited exceptions that would allow the Court to consider the motion"); *United States v. Lysaght*, No. 97-CR-644, 2018 WL 5928461, at *2 (S.D.N.Y. Nov. 14, 2018) (holding that the court did not have jurisdiction over petition to expunge in light of *Doe* where the petitioner's sentencing "occurred more than [twenty] years ago, and [the petitioner] has long since completed his sentence"); *United States v. King*, No. 14-CR-357, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017) (denying request to seal or expunge conviction on jurisdictional grounds and recognizing that the court did not have ancillary jurisdiction to seal or expunge a criminal conviction on equitable grounds).

### III. Conclusion

For the foregoing reasons, the Court denies without prejudice Petitioner's motion to expunge his criminal record. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Petitioner at the address of record and to close the case.

Dated: May 19, 2021
      Brooklyn, New York

                                    SO ORDERED:

                                    s/ MKB
                                MARGO K. BRODIE
                                United States District Judge